STATE, RESPONDENT, *v.* CONNORS, APPELLANT.

(No. 1,712.)

(Submitted November 10, 1902.  Decided November 24, 1902.)

*Criminal Law—Judgment—Form—Prior Conviction.*

Under Penal Code, Secs. 1232, 2146, 2151, a judgment that defendant "be imprisoned in the state prison for the term of ten years, five years upon the conviction for assault in the second degree, and five years for the prior conviction of a felony as by the statute made and provided," is not void as to the five years for former conviction, since the division of the term into equal parts, and the assignment of each part to its supposed function as a measure of punishment is merely redundant, and not ground for reversal, under Sections 2320, 2600, Penal Code.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

FRANK CONNORS, alias E. J. Wade, was convicted of an assault in the second degree, and appeals.  Affirmed.

*Mr. Raymond M. Place,* for Appellant.

*Mr. James Donovan, Attorney General,* for the State.

MR. JUSTICE PIGOTT delivered the opinion of the court.

The defendant was convicted of an assault in the second degree, and appeals from the judgment of conviction.

The information charges him with the commission of the assault, and with having suffered a previous conviction of the crime of burglary in the first degree.  The jury by their verdict found him guilty, and further found that the charge of previous conviction was true, but did not assess the punishment. The judgment, after setting out the proceedings had upon the trial, the verdict, and other matters, concludes in the language following: "It is therefore ordered and adjudged by the court that the said Frank Connors be imprisoned in the state prison for the term of ten years, five years upon the conviction for as-

sault in the second degree, and five years for the prior conviction of a felony as by the statute made and provided, at hard labor * * *."

The single point made is that the judgment is irregular and void in so far as it purports to impose upon the defendant punishment for the prior conviction of a felony. We are asked to modify the judgment by eliminating this part of it, and thus reduce the term of imprisonment from ten to five years. Counsel concedes that the defendant, having suffered a prior conviction for a felony, might lawfully be sentenced to ten years' imprisonment for the crime of assault in the second degree, but argues that the judgment in form sentences him "specifically for a prior conviction."

The contention is without merit. Section 401 of the Penal Code declares that assault in the second degree is punishable by imprisonment in the state prison for not less than one nor more than five years, or by fine, or both. By Section 822 of the Penal Code, burglary in the first degree is punishable by imprisonment in the state prison. Section 1232 of the Penal Code declares, among other things, that "every person who, having been convicted of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows: "* * * (2) If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the state prison for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding ten years." Section 2146 of the Penal Code provides that when the fact of a previous conviction of another offense is charged in an information, the jury, if they find him guilty of the offense with which he is charged, must, also, unless the answer of the defendant admits former conviction, find whether or not he has suffered such former conviction. Section 2151 of the same Code provides that the court must assess and declare the punishment, and render judgment accordingly, if the jury fail to do so by the verdict.

The case at bar falls within Subdivision 2 of Section 1232,

*supra,* and the court was authorized to impose the sentence of ten years for the crime of assault in the second degree. While the language, "five years upon the conviction for assault in the second degree, and five years for the prior conviction of a felony as by the statute made and provided," used in the judgment, is inaccurate, and, if standing alone, might possibly constitute prejudicial error, we are satisfied that the judgment, when read as a whole, and considered in the light of the statutory enactments to which we have referred, is not open to attack upon the ground that it attempts to punish the defendant for a crime for which he had suffered a former conviction. The court manifestly intended to adjudge that the defendant be imprisoned for the term of ten years for the crime of assault in the second degree, five years being imposed for the crime, *irrespective* of the prior felony, and five years additional *because* of the prior felony. If there had not been a prior conviction, the term of imprisonment could not have exceeded five years; there being a prior conviction, the term could be enlarged to ten years. The court, or rather the judge, as is evident, meant to explain why the term fixed was, and ought to be, ten years instead of five or less. The attempted division of the term into equal parts, and the assignment of each part to its supposed function as a measure of punishment, neither adds to nor subtracts from the legal import and effect of the judgment, and is, under the circumstances, merely redundant. It is apparent that no substantial right of the defendant has been disregarded. A mere *apex juris* is not sufficient cause for the reversal or modification of a judgment. (Sections 2320 and 2600, Penal Code.)

Let the judgment be affirmed.

*Affirmed.*