SMITH, Respondent, v. SHOOK, Appellant.

(No. 1,794.)

(Submitted February 12, 1904.   Decided February 26, 1904.)

*New Trial—Newly Discovered Evidence—Diligence—Ignorance of Existence—Time for Filing Additional Affidavits—Witnesses—Cross-Examination—Propriety.*

1.  In an action to recover an alleged loan it appeared that plaintiff had been employed by defendant's firm, and had been paid a certain compensation, and that he had borrowed a sum of money from the firm, which he had afterwards repaid.   Defendant sought to show by cross-examination of plaintiff's wife that plaintiff's statement of the amount received by him for the labor was not true, and that plaintiff had secured $50 from defendant to send witness to Chicago, and at that time had no money.   Held improper cross-examination.

2.  Code of Civil Procedure, Section 1171, authorizes the granting of a new trial for newly discovered evidence, which the moving party could not with reasonable diligence have discovered and produced at the trial.   In an action to recover a loan plaintiff testified in justice's court that no one was present when the loan was made, but in the district court testified that his wife was present.   Defendant asked no continuance to secure impeaching witnesses, and made no effort to that end, but himself testified to the contradiction.   Held, that a new trial was properly refused.

3.  The party moving for a new trial on the ground of newly discovered evidence must show by his own affidavit that the new evidence was not known to him at the time of the trial, and the affidavits of other persons on that question are not sufficient.

4.  Where it appears that nine affidavits relative to an alleged contradiction between the opposing party's testimony at a former and at the present trial were read in support of a motion for a new trial, it was not error to refuse to extend the time to enable the moving party to secure additional affidavits.

*Appeal from District Court, Missoula County; F. C. Webster, Judge.*

ACTION by Charles G. Smith against George L. Shook.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Mr. A. L. Duncan,* for Appellant.

A new trial should have been granted on the ground of surprise, and also on the ground of newly discovered evidence.

(Am. & Eng. Ency. Pl. & Pr. p. 742; *Phoenix* v. *Baldwin,* 14 Wend. 62; *Leavy* v. *Brown,* 2 Ark. 16; *Lockwood* v. *Rose,* 125 Ind. 588; *Oberlander* v. *Fixen & Co.,* 129 Cal. 690.)

*Mr. John M. Evans,* and *Messrs. Sanders & Sanders,* for Respondent.

The alleged facts do not in law constitute surprise, the appellant has been guilty of laches and his grounds are frivolous. If he was surprised he should have, then and there, during the progress of the trial, asked for delay, a continuance or a new trial. By continuing the case without so asking he waived any alleged surprise; he comes too late after verdict. (*Outcalt* v. *Johnston,* (Colo.) 49 Pac. 1058; *L. C. A. Hardware Co.* v. *Yankee,* (Colo.) 48 Pac. 1050; *Heath* v. *Scott,* (Cal.) 4 Pac. 557; *Bailey* v. *Richardson,* (Cal.) 5 Pac. 911; *Smith* v. *Smith,* (Cal.) 48 Pac. 730; *Beal* v. *Codding,* (Kan.) 4 Pac. 180; *Knuffke* v. *"do."* (Kan.) 56 Pac. 326; *City of Argentine* v. *Simmons,* (Kan.) 52 Pac. 424; *Romero* v. *Desmarias,* (N. Mex.) 20 Pac. 787; *Pincus* v. *Puget Sound,* (Wash.) 50 Pac. 93; *Huster* v. *Wynn,* (Okla.) 58 Pac. 736; *Walker* v. *Gray,* (Ariz.) 57 Pac. 614.)

Where the respondent simply proves the allegations of his petition, the appellant cannot complain of surprise. (*Francisco* v. *Benepe,* (Mont.) 11 Pac. 637; *Martin* v. *Hill,* (Utah) 2 Pac. 62; *Rogers* v. *Marshall,* 13 Fed. 65.)

. Appellant's so-called newly discovered evidence is nothing but cumulative evidence and impeaching evidence, and he seeks to impeach respondent and his wife on immaterial matters; courts do not grant new trials on such character of evidence. (*State* v. *Brooks,* 23 Mont. 146; *State* v. *Anderson,* 14 Mont. 541; *Baxter* v. *Hamilton,* 20 Mont. 327; *Leyson* v. *Davis,* 17 Mont. 220; *Chalmers* v. *Sheehy,* (Cal.) 64 Pac. 709; *Fist* v. *Fist,* (Colo.) 32 Pac. 719; *State* v. *Smith,* (Kan.) 11 Pac. 908; *Lee* v. *Bermingham,* 18 Pac. 219; *Denver Co.* v. *Simpson,* (Colo.) 41 Pac. 499; *Holland* v. *Huston,* (Mont.) 49 Pac. 390.)

There is ample and sufficient evidence to support the verdict and the judgment. To justify a reopening of this case by a new trial on the ground of newly discovered evidence, such evidence must of itself be sufficient to make it affirmatively appear probable that its introduction would change the result. It will not be opened to afford an opportunity to explore for further proofs. (*Kuhlman* v. *Burns,* (Cal.) 49 Pac. 585; *Munson* v. *The Mayor,* 11 Fed. 72; *Rand* v. *Kipp,* (Mont.) 69 Pac. 714; *Beals* v. *Cone,* (Colo.) 62 Pac. 948; *Huston* v. *Wynn,* (Okla.) 58 Pac. 736; *Hotchkiss* v. *Patterson,* (Kan.) 48 Pac. 435; *Baumgardner* v. *Huffman,* (Utah) 34 Pac. 294; *Turner* v. *Stevens,* (Utah) 30 Pac. 24; *Klopensline.* v. *Hayes,* (Utah) 57 Pac. 712.)

The contention that appellant should have been granted an extension of time in which to file additional affidavits is without any merit. There is not even a charge of abuse of discretion— that sound discretion which has all the presumptions in its favor and which will not be interfered with on appeal, especially where the refusal of the court is to grant a new trial on the grounds named. (*Oberlander* v. *Fixen Co.,* 129 Cal. 696; *Rand* v. *Kipp,* (Mont.) 69 Pac. 714; *Spottiswood* v. *Weir,* 22 Pac. 289; Code of Civil Proc. Sec. 1173, 1.)

Appellant's motion for extension was not filed until fourteen days after service of the notice of motion for new trial, whereas Section 1173, 1, Code of Civil Procedure, requires same to be filed and served within ten days after such notice, unless granted further extension by the court. Appellant is guilty of laches; he comes too late. (*Ogle* v. *Potter,* 24 Mont. 501; *Sullivan* v. *Helena,* 10 Mont. 134; *Power* v. *Lenoir,* 22 Mont. 169.)

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This action was commenced in the justice court to recover the sum of $50 alleged to have been theretofore loaned by plaintiff to defendant. The defendant made general denial. Verdict

and judgment for plaintiff. Defendant appealed to the district court, where a trial again resulted in a verdict and judgment for the plaintiff. The defendant appeals from the judgment and from the order denying his motion for a new trial.

It appears from the record that the plaintiff and his wife had been employed by the firm of Shook & Hinchman, and had been paid a certain compensation; that plaintiff had borrowed a sum of money from the firm, which he had afterwards repaid. Plaintiff claims also that he had some money, derived from other sources, at the time he made the alleged loan to defendant.

1. At the trial the defendant sought to show by cross-examination of plaintiff's wife, Mrs. C. G. Smith, that plaintiff's statement of the amount of money received by him for the labor was not true; that plaintiff had secured $50 from defendant for the purpose of sending witness to Chicago; that plaintiff at the time had no money. This evidence was objected to as improper cross-examination, and the objection was sustained. The defendant does not claim that *he* ever loaned the plaintiff any money. It is admitted by defendant that the money borrowed from the firm by plaintiff had been repaid prior to the commencement of this action. There was no dispute between plaintiff and defendant as to the amount received by plaintiff for labor performed for Shook & Hinchman, and the witness had not testified on direct examination as to any other money plaintiff had at any time. The court did not err in sustaining this objection.

2. It is also claimed that a new trial should have been granted on the ground of surprise and newly discovered evidence under Section 1171 of the Code of Civil Procedure, and that an extension of time should have been given appellant in which to file additional affidavits on his motion for a new trial. The showing of surprise and newly discovered evidence consists in the alleged fact made to appear that plaintiff had testified in the justice court that no one was present when this loan was made, while in the district court he testified that his wife was present; and that Mrs. C. G. Smith, after the trial, made state-

ments to the effect that she was not present at the time the loan was made, while in her testimony she had stated that she was present at that time. This newly discovered evidence in either case is no more than impeaching evidence, and that relating to plaintiff does not go to his testimony regarding the loan itself, but to the incidental fact as to who was present at that time. At the trial in the district court the defendant knew of the statements made by the plaintiff at the former trial, and knew in whose presence they were made, but no continuance was asked for, and apparently no effort then made to secure the evidence. The trial proceeded without any objection, and defendant testified on this very point. This impeaching evidence as to plaintiff then became cumulative. The defendant should have made some effort, when it first became known to him that this impeaching evidence was necessary, to have secured a continuance or permission to have these witnesses called. Objection after verdict, in such cases, comes too late. (*Heath* v. *Scott,* 65 Cal. 548, 4 Pac. 557; *Knuffke* v. *Knuffke,* 8 Kan. App. 857, 56 Pac. 326; *Pincus* v. *Puget S. B. Co.,* 18 Wash. 108, 50 Pac. 930; *Walker* v. *Gray,* (Ariz.) 57 Pac. 614; *Huster* v. *Wynn,* 8 Okl. 569, 58 Pac. 736; *Lee Clark A. H. Co.* v. *Yankee,* 9 Colo. App. 443, 48 Pac. 1050; *Rand* v. *Kipp,* 27 Mont. 138, 69 Pac. 714; *Romero* v. *Desmarais,* 4 N. Mex. 367, 20 Pac. 787.)

3. The defendant filed an affidavit in support of his motion for a new trial, but made no reference whatsoever to this newly discovered impeaching evidence as to the witness Mrs. C. G. Smith, nor did defendant offer any affidavits of the witnesses by whom he exepected to make the proof, nor give any reasons why he did not make reference thereto or submit the affidavits, though it is stated in the affidavit of defendant's attorney that he knew the names of some of those witnesses. (*Elliott et al.* v. *Martin et al.,* 27 Mont. 519, 71 Pac. 756.)

It is fundamental that the moving party must show by his own affidavit that the new evidence was not known to him at the time of the trial. Upon that question the affidavits of other

persons are not, as a general rule, sufficient. (1 Spelling, New Trial & App. Prac. par. 207, and cases cited; Hayne, New Trial & App. par. 92; *Arnold* v. *Skaggs,* 35 Cal. 684.)

It is a general rule that, before a new trial will be granted on the ground of newly discovered evidence, cumulative or impeaching, it must be made to appear affirmatively that the new evidence would probably be sufficient to change the verdict and produce a different result. (Hayne, New Trial, par. 90; *Huster* v. *Wynn, supra; Leyson* v. *Davis,* 17 Mont. 220, 42 Pac. 755, 31 L. R. A. 429; *Springer* v. *Schultz,* 105 Ill. App. 544; *Francisco* v. *Benepe,* 6 Mont. 243, 11 Pac. 637. See, also, *Baxter* v. *Hamilton,* 20 Mont. 327, 51 Pac. 265; *State* v. *Brooks,* 23 Mont. 147, 57 Pac. 1038.)

Statutes similar to Section 1171 of our Code of Civil Procedure have been so construed. (*Oberlander* v. *Fixen & Co.,* 129 Cal. 690, 62 Pac. 254.)

"The additional evidence to afford opportunity for the introduction of which a new trial is sought, must be newly discovered, by which expression is meant that it must have been discovered since the trial. If discovered before or at the trial, and no continuance of the trial was applied for, an answer to the motion that no diligence is shown will be sufficient to defeat it, no matter what else may be shown." (1 Spelling, New Trial, *supra; Curran* v. *A. H. Stange Co.,* 98 Wis. 598, 74 N. W. 377.)

It appears from the record that nine affidavits relative to the alleged statements made by plaintiff at the former trial were read and used in support of the motion for a new trial, and the court did not err in refusing to extend the time in order to enable the defendant to secure additional affidavits on that point, even if the application for such extension had been made within the time required by Section 1173, Code of Civil Procedure, as that section is construed in *Wright* v. *Mathews,* 28 Mont. 442, 72 Pac. 820, and *State ex rel. Stromberg-Mullins Co.* v. *Second Judicial District Court,* 28 Mont. 123, 72 Pac. 412.

We find no material error in this case, and recommend that the judgment and order appealed from be affirmed.

Per Curiam.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

