STATE, Respondent, *v.* PRLJA, Appellant.

(No. 4,416.)

(Submitted March 2, 1920.  Decided March 29, 1920.)

[189 Pac. 64.]

*Criminal Law—Assault by Police Officer Making Arrest—Concealed Weapons—New Trial—Newly Discovered Evidence—Insufficient Affidavit.*

Assault—Police Officer Making Arrest—Concealed Weapons—Statute—Negativing Exception.
  1.  Where a police officer's defense in a prosecution for assault was that he struck the prosecuting witness on meeting with resistance while attempting to arrest him for carrying a concealed weapon, it was not necessary for him to negative the exception contained in the concealed weapon statute as to permit to carry a weapon.
Same—Concealed Weapons—Cross-examination—Harmless Error.
  2.  Refusal to permit cross-examination of the prosecuting witness as to whether he had a permit to carry a revolver and whether he knew it was against the law to carry one, if error, *held* harmless.
Same—Police Officer Making Arrest—Criminal Liability for Assault.
  3.  While, under Revised Codes, section 9064, in making a lawful arrest, the officer may use all necessary means to effect the arrest if the person to be arrested either flees or forcibly resists, if he unnecessarily assaults him he is criminally liable for such assault.
Same—Police Officer Carrying Revolver in Courtroom—Evidence.
  4.  A police office who carried a gun on his person in the courtroom while on trial for assault was not in a position to complain if prejudiced by the county attorney's question whether he felt it necessary to there carry the weapon, and the court's failure to rule upon his objection.
Same—Appeal—Trial—Objection to Evidence—Question Unanswered—Effect.
  5.  Where a question to which appellant made objection remained unanswered, he was in the same position as though his objection had been sustained and not entitled to complain.
Same—New Trial—Newly Discovered Evidence—Affidavit by Party Aggrieved Necessary.
  6.  Where a new trial is asked on the ground of newly discovered evidence, the moving party should show by his own affidavit that the new evidence was not known to him at the time of the trial and could not with reasonable diligence have been discovered and produced by him at that time.
Same—New Trial—Newly Discovered Evidence—Insufficient Affidavit.
  7.  An affidavit of one of defendant's attorneys in support of a motion for a new trial asked because of newly discovered evidence, to the effect that he could not with reasonable diligence have discovered the affidavits of five persons who claimed to have been present at the place where the alleged assault occurred and whose tes-

timony would tend to contradict the state's witnesses or corroborate appellant's version of the affray "and presented same upon the trial," was insufficient to show abuse of the court's discretion in denying the motion.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

PHILIP PRLJA was convicted of assault in the second degree, and from judgment and order denying his motion for a new trial, he appeals. Affirmed.

.   *Messrs. Canning & Geagan* and *Mr. Jos. H. Griffin*, for Appellant, submitted a brief; *Mr. P. E. Geagan* argued the cause orally.

The trial court unduly restricted the cross-examination of the complaining witness Burzan and effectively prevented the placing before the jury of the truth as to all the facts surrounding the occurrence of the acts complained of. This court has held that this right should not be so restricted. (*Cobban* v. *Hecklen,* 27 Mont. 245, 70 Pac. 805; *State* v. *Whitworth,* 47 Mont. 424, 133 Pac. 364; *State* v. *Wakely,* 43 Mont. 427, 117 Pac. 95.)

The affidavits filed in support of the defendant's motion for a new trial conform to all the requirements of law concerning the contents and showing necessary in such affidavits, in order to secure a new trial. (*State* v. *Matkins,* 45 Mont. 58, 121 Pac. 881.) As is shown by them, it was impossible for the defendant at the time of his trial or before to secure the testimony that these affidavits show the affiants were and are able to offer in behalf of the defendant. If the state of facts set forth in the affidavits in support of the motion for a new trial were placed before the jury, as they would be in a new trial, it is indeed very probable that there would be an entirely different result and that the defendant would be acquitted. (*State* v. *Matkins, supra; Spencer* v. *State,* 69 Tex. Cr. 92, 46 L. R. A. (n. s.) 903, 153 S. W. 858.) The newly discovered evidence is not cumulative merely. It is from and through a source that brings it to

the jury without the legal handicap placed upon the defendant in bringing like evidence before the jury, and the new evidence is all from eye-witnesses wholly independent of the defendant. (Rev. Codes, sec. 7859; *Spencer* v. *State, supra; Green* v. *State,* 6 Ga. App. 784, 65 S. E. 802; *Adams* v. *State,* 55 Fla. 1, 46 South. 152; *State* v. *Townsend,* 7 Wash. 462, 35 Pac. 367; *Holton* v. *State,* 6 Ga. App. 414, 71 S. E. 599.)

*Mr. S. C. Ford,* Attorney General, *Mr. Frank Woody,* Assistant Attorney General, and *Mr. N. A. Rotering,* County Attorney of Silver Bow County, submitted a brief; *Mr. Rotering* argued the cause orally.

Before the court would have been justified in granting a new trial to the appellant, the latter should have submitted his own affidavit showing that he had no knowledge of any of the witnesses whom he now proposes to produce at the new trial, and further, that he used diligence in attempting to ascertain who were present at the time material to this inquiry. There should also have been submitted affidavits by all of the lawyers who represented the defendant showing that they had no knowledge of any of the proposed new witnesses and that they, and each of them, had used due diligence in attempting to discover who were present at or near the place where the act complained of occurred. (*Smith* v. *Shook,* 30 Mont. 30, 77 Pac. 513; *Nicholson* v. *Metcalf,* 31 Mont. 276, 78 Pac. 483; *Spencer* v. *Spencer,* 31 Mont. 631, 79 Pac. 320.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appellant was convicted in the district court of Silver Bow county of the crime of assault in the second degree, committed upon the person of one Mike Burzan. The trouble out of which the charge arose occurred at the Northern Pacific depot in Butte during the farewell demonstration for departing Servian volunteers. It appears from the evidence that there was considerable shooting done, one witness comparing the disturbance to an old-

time Fourth of July celebration, though there seems to have been no effort to stop it or to arrest those doing the shooting. While Burzan had a gun in his pocket, he took no part in the shooting and his gun remained in his pocket until removed by Prlja at the emergency hospital, later.

Appellant was at the time, and for years prior thereto had been, a police officer, though he was not in uniform at the time of the trouble. Burzan testified that Prlja accosted him with a demand to know why he looked at appellant in the manner he did, and when he answered Prlja struck him over the head with a revolver, then told him he was under arrest, and thereupon took him to the street and called the patrol wagon; that while waiting and while he (Burzan) remained passive, appellant again struck him over the head and shot him twice through the thigh.

Prlja's version of the affair is that he attempted to arrest Burzan for carrying concealed weapons, and so notified him; that he resisted, and it was then that the blow was struck; and that at the time of the shooting Burzan attacked him and bit him on the cheek, and that Burzan's friends were attempting to interfere. Burzan and other witnesses for the state denied that Prlja gave any reason for making an arrest, or that Burzan resisted or bit the officer.

Two separate appeals were taken, the one from the judgment and the other from the order denying appellant's motion for a new trial. But three assignments of error are made, aside from that predicated on the court's denial of the motion for a new trial.

Assignments numbered 1 and 2 urge that the court erred in
[1, 2]  sustaining the state's objections to the following questions propounded to the witness Burzan on cross-examination:

(1) "Now, you didn't have a permit to carry that gun, did you?"

(2) "You know it is against the law to carry a gun, don't you?"

Counsel for the defense had been permitted to go fully into the question of the witness having a gun on his person at the time, although nothing had been said regarding a gun in the witness' testimony on direct examination, and the fact that Burzan at the time was carrying a concealed weapon was a part of the defendant's case. No objection was interposed to the line of examination until counsel asked the first question set out above.

In order to make out the defense it was not necessary to negative the exception contained in the concealed weapon statute (Laws 1903, Chap. 35) any more than it would have been necessary to charge the same in an information for carrying concealed weapons. (*State* v. *Tully*, 31 Mont. 365, 3 Ann. Cas. 824, 78 Pac. 760; *Territory* v. *Burns*, 6 Mont. 72, 9 Pac. 432.) And the knowledge of the witness as to whether or not he knew that the carrying of a concealed weapon was against the law would not affect the officer's right to make an arrest, if he was in fact violating the law. No attempt was later made to show that the witness had a permit to carry a weapon, and the exclusion of his answers to the questions propounded did not affect the substantial rights of the defendant in the case, whether such exclusion was proper or erroneous. An answer to the first question in the negative would not have aided, while in the affirmative it would have injured, appellant's defense.

While, in making a lawful arrest, if the person to be arrested [3] either flees or forcibly resists, the officer may use all necessary means to effect the arrest (Rev. Codes, sec. 9064), if he unnecessarily assaults such person, he is liable for such an assault (*State* v. *Pugh*, 101 N. C. 737, 9 Am. St. Rep. 44, 7 S. E. 757; 2 R. C. L. 471.)

The question here is, Was the assault made by appellant such as would excuse him? And this question was decided by the jury adversely to appellant's contention. No question is raised as to the sufficiency of the evidence, and we cannot disturb the verdict of the jury.

Specification No. 3 is that the court erred in not ruling upon and sustaining appellant's personal objection to the question of the county attorney, on cross-examination: "Q. Do you feel that it is necessary for you to have a gun on your person in this courtroom?" The defendant did not answer the question, but stated: "Object to the question; it is prejudicial to me." Thereupon the county attorney asked that Prlja be ordered to put his gun away, and the court directed him to turn it over to his counsel. There was no ruling on the question objected to, and consequently no exception taken. It is urged that the interrogation by the county attorney leading up to the question objected to and what transpired immediately thereafter was for the purpose of creating a prejudice against the defendant, and an antagonism toward him, of such a nature as to prevent him from having a fair and impartial trial. If such was the case, appellant brought the condition upon himself by going armed into the courtroom; a man with such experience as an officer as is shown by the record Prlja had should have realized the propriety of laying aside his weapon on entering the courtroom, if, indeed, he had any excuse for bringing it with him to the courthouse where he was to be tried for an assault with a deadly weapon. On discovering that the witness was armed, the county attorney was justified in calling the matter to the attention of the court, and if thereby appellant was prejudiced, he is in no position to complain.

The question to which the objection was directed was not answered, and appellant stands in the same position as though his sole objection had been sustained.

2. The three specifications of error were also urged as ground for a new trial, in connection with certain affidavits filed in support of the motion. These affidavits are made on behalf of appellant by five persons who claim to have been present during some part of the trouble, and tend to either contradict witnesses for the state or to corroborate the appellant's version. In addition to the affidavits of proposing witnesses, there was filed the affidavit of Joseph H. Griffin, as follows:

"State of Montana,

"County of Silver Bow—ss:

"Joseph H. Griffin, being first duly sworn upon oath, deposes and says: That he is now, and during the trial of the action wherein the state of Montana was plaintiff and Philip Prlja was defendant was, one of the attorneys for said defendant, Philip Prlja; that prior to the trial of said action and during the trial of said action affiant did not know of the existence of the evidence set forth in the affidavits of S. N. Price, G. E. Miller, Tom Vucinich, Mrs. D. Aclinovich, and John Boscovich, and affiant could not with reasonable diligence have discovered said affidavits and presented same upon the trial of said action; that the said evidence set forth in said affidavits came to the attention of affiant about one month after the hearing of the above-entitled action.

"John (Joseph) H. Griffin.

"Subscribed and sworn to.　＊　＊　＊　"

The showing made falls far short of the requisites of such an application, laid down by this and other courts, to entitle a defendant to a new trial. No affidavit is made by the moving party himself; the record discloses that he was represented by two attorneys besides Griffin, and Griffin's affidavit shows that he was but one of the attorneys for Prlja; yet the application contains the affidavit of neither of these attorneys.

A new trial can be granted on the ground of newly discovered evidence only when it appears that the defendant could not with reasonable diligence have discovered and produced it at the trial. (Sec. 9350, Rev. Codes.) Yet the only reference to diligence contained in the entire application is the bald conclusion in the Griffin affidavit that he, as one of the attorneys for defendant, "could not with reasonable diligence have discovered said affidavits and presented same upon the trial," *etc.* It will be noted that the wording of the statute is that "the defendant could not with reasonable diligence have discovered and produced at the trial," and this court has held that "It is fundamental that the moving party must show by his own affi-

davit that the new evidence was not known to him at the time
of the trial.    Upon that question the affidavits of other persons.
are not, as a general rule, sufficient.'' (*Smith* v. *Shook*, 30 Mont.
30, 77 Pac. 513; citing 1 Spelling on New Trial & Appeal, par.
207, and cases cited; Hayne on New Trial & Appeal, par. 92;
*Arnold* v. *Skaggs*, 35 Cal. 684; *Nicholson* v. *Metcalf*, 31 Mont.
276, 78 Pac. 483.)

Even when a showing of diligence is made, and made by the
moving party himself, the court has scrutinized the affidavit
closely; thus, in *In re Colbert's Estate*, 31 Mont. 461, 107 Am.
St. Rep. 439, 3 Ann. Cas. 952, 78 Pac. 971, 80 Pac. 248, Mr.
Commissioner Clayberg reviewed an extensive showing and
stated: ''It is well settled that a statement in an affidavit that
the party has made inquiry of every person he thought might
know anything about the case is insufficient''—citing a number
of authorities.

In the case of *State* v. *Matkins*, 45 Mont. 58, 121 Pac. 881,
this court said: ''Applications for new trials on the ground of
newly discovered evidence are not favored by the courts.    The
reason is that the moving party has already had a hearing after
ample opportunity to prepare his case, and that, while smart-
ing under defeat and disappointment, he is under strong
temptation to manufacture a plausible showing in support of
his motion.    He may be entirely willing to take the chances of
a new trial, but unwilling or afraid to swear to a statement
necessary to procure it.    It is often the case that the sense of
loss arouses him to the diligent activity which he should have
put forth before the trial.''

Whether in this case the defendant was ''unwilling or
afraid to swear to a statement necessary to procure'' a
new trial, the fact remains that he did not do so and
that a showing of reasonable diligence is entirely lacking, and,
in these respects  at least, the showing is fatally defective.

In the case of *State* v. *Brooks*, 23 Mont. 146, 57 Pac. 1038,
the court said: ''As has been repeatedly held by this court, a
motion for a new trial is addressed to the sound legal discretion
of the trial court; and the action of the latter will not be

disturbed, except in an instance manifesting a clear and unmistakable abuse of such discretion. This rule is peculiarly applicable to an application based upon the ground of newly discovered evidence, which not only involves an enlarged discretion in the trial court, but has never been looked upon with favor, but rather with distrust.''

There was no abuse of discretion in the action of the trial court in denying the motion for a new trial, and we find no substantial error in the record.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.