STATE, RESPONDENT, v. PROUTY, APPELLANT.

(No. 4,600.)

(Submitted June 2, 1921. Decided June 20, 1921.)

[199 Pac. 281.]

*Criminal Law—Attempted Rape—Exhibits—Harmless Error—*
*Evidence—Trial Practice—Exceptions—New Trial—Newly*
*Discovered Evidence—Technicalities.*

Attempted Rape—Exhibits—Torn and Bloody Clothing—Prejudice—Presumption.

1. In a prosecution for attempted rape, the introduction in evidence of the clothing worn by the prosecuting witness, though immaterial, was not reversible error, where there was no evidence that the articles were muddy, torn and blood-stained, as claimed, and thus likely to inflame the minds of the jurors, and where the original exhibits were not certified to the supreme court for inspection; prejudice cannot be presumed, but must be made to appear affirmatively.

Same—Injuries—Evidence—Inflaming Minds of Jury—Harmless Error.

2. Where, in a prosecution for attempted rape, there was not any controversy as to the time when and the place where injuries were sustained by the prosecuting witness in jumping from plaintiff's rapidly moving automobile upon defendant's threat to repeat the assault, evidence relating to the injuries *held* not objectionable as calculated to inflame the minds of the jury.

Same—Evidence—Admissibility—Exception Necessary.

3. Where, after objection, a question was withdrawn and not answered, though the court had overruled the objection, no exception being reserved, the same question was propounded to another witness, without objection, and answered, alleged error in permitting the second question to be answered held not reviewable, in the absence of express exception thereto.

Same—Rulings on Evidence—Exceptions must be Reserved.

4. The rule declared by Chapter 135, Laws of 1915, *inter alia* providing that every ruling or decision of the district court on the admissibility of evidence shall be deemed excepted to, has reference to civil, not criminal cases.

Same—New Trial—What is not "Newly Discovered Evidence."

5. An affidavit in support of a motion for a new trial following a conviction for attempted rape that the prosecuting witness, some five months before the trial, said to affiant that, if defendant didn't "fork over," she "would send him over the road for the rest of his life," was not "newly discovered evidence" within the meaning of section 9350, Revised Codes, that expression meaning evidence discovered since the trial.

Same—New Trial—Newly Discovered Evidence—Affidavit of Defendant Required.

6. Failure of defendant to show by his own affidavit that alleged newly discovered evidence was not known to him at the time of the

[60 Mont. 310.]

trial warrants refusal to grant a retrial, affidavits of others in that regard being, as a general rule, insufficient.

Same—Credibility of Prosecuting Witness—Question for Jury.

7. The credibility of the prosecuting witness in a prosecution for attempted rape was a matter for determination by the jury, and its verdict of guilty establishes the truth of her testimony for all purposes.

Criminal Law—Trial—Technicalities.

8. A mere *apex juris* is not sufficient cause for the reversal or modification of a judgment.

*Appeals from District Court, Lewis and Clark County; R. Lee Word, Judge.*

ARTHUR D. PROUTY was convicted of an attempt to commit rape. From the judgment and from an order denying his motion for a new trial, he appeals. Affirmed.

*Mr. A. H. McConnell,* for Appellant, submitted a brief and argued the cause orally.

The court erred in overruling defendant's objection to the introduction in evidence of the clothing worn by the prosecuting witness at the time of the assault. It is the contention of the defendant that in view of the facts in this case, as shown by the state's witnesses, the clothing in question does not throw any light upon any controverted question of fact, and does not serve to strengthen any phase of state's case, and wholly fails to serve any useful or relevant purpose other than to excite and inflame the minds of the jury and to arouse prejudice against the defendant.

It has been held by an unbroken line of judicial decisions that articles of clothing, which do not throw any light upon any of the issues of the case, should not be introduced in evidence, and that their introduction under such circumstances constitutes reversible error. (16 C. J. 619; 2 Wharton's Crim. Evidence, sec. 941; *State* v. *McKnight,* 21 N. M. 14, 153 Pac. 76; *Cole* v. *State,* 45 Tex. Crim. 225, 75 S. W. 527; *Rollings* v. *State,* 160 Ala. 82, 49 South. 329; *Lucas* v. *State,* 50 Tex. Crim. 219, 95 S. W. 1055; *Christian* v. *State,* 46 Tex. Crim. 47, 79 S. W. 562; *Gillespie* v. *State,* 80 Tex. Crim. 432, 190

S. W. 146; *Flege* v. *State,* 93 Neb. 610, 47 L. R. A. (n. s.)
1106, 142 N. W. 276.)

The court erred in overruling defendant's objection to the
introduction of evidence showing the nature and extent of the
injuries sustained by the prosecutrix when she jumped from
the automobile. Defendant objected to the introduction of
such evidence. The objection was overruled. The question
was withdrawn, but evidence showing in detail the nature and
extent of the injuries sustained by the prosecutrix when she
jumped from the automobile was subsequently permitted to be
introduced through the witness, Dr. Barbour. We take it that
the defendant would not be obliged to interpose an objection
to the same question propounded to the doctor as to which the
court had previously made a ruling adverse to the defendant.

The court erred in denying defendant's motion for a new
trial upon the ground of newly discovered evidence. In a
case such as this, where the conviction is based upon the
testimony of the prosecutrix alone, a wide latitude should
be allowed in inquiring into the motives which prompted the
prosecution.   (*State* v. *Gaimos,* 53 Mont. 118, 162 Pac. 596.)
The testimony to the effect that the prosecutrix was after
money would certainly have some weight with a jury, and
would have a direct bearing upon the weight of her evidence.
A like question was presented to the court in the case of
*Shirwin* v. *People,* 69 Ill. 55, where a continuance of the case
was sought owing to the absence of material evidence for the
defense, and where it was held that refusal to grant a con-
tinuance was held reversible error. The new evidence in this
case is practically identical with the absent evidence in the
case last above cited and the same rule should apply. (See,
also, *State* v. *Eckler,* 106 Mo. 585, 27 Am. St. Rep. 372, 17
S. W. 814; *State* v. *Harness,* 10 Idaho, 18, 76 Pac. 788; *State*
v. *Abbott,* 65 Kan. 139, 69 Pac. 160.)

*Mr. Wellington D. Rankin,* Attorney General, being dis-
qualified, *Mr. Jos. R. Wine,* County Attorney of Lewis and

Clark County, submitted a brief in behalf of Respondent and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of an attempt to commit rape, and appealed from the judgment and from an order denying his motion for a new trial.

Only three errors are assigned: (1) The admission in evidence of articles of apparel worn by the prosecuting witness at the time the assault is alleged to have been made; (2) the admission of evidence tending to show the extent of the injuries received by the prosecuting witness during the same evening; and (3) the refusal to grant a new trial on the ground of newly discovered evidence.

1. In their brief counsel for defendant contend that the [1] muddy, torn and bloodstained clothing could not illustrate any issue involved, and the introduction of it served only to excite and inflame the minds of the jurors, all of which may be true, but there is not anything in the record to justify the contention. There is not a scintilla of evidence to indicate that the articles of clothing were, or that any of them was, muddy, torn or blood-stained, and, though it may be conceded that the evidence was immaterial, it does not follow that the defendant is entitled to a new trial.

The rule which once prevailed in this jurisdiction, "Error appearing, prejudice will be presumed," was abrogated by the adoption of the Codes in 1895. Section 9415, Revised Codes, provides: "After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions, which do not affect the substantial rights of the parties." Prejudice is now no longer presumed. It must be made to appear either affirmatively by the record recital, or by the denial or invasion of some substantial right from which the law infers prejudice. (*State* v. *Hall,* 55 Mont. 182, 175 Pac. 267.) Counsel for defendant have not seen fit to have

the original exhibits certified to this court as they might have done, and cannot now insist that reversible error was committed by their introduction in evidence in the court below, since there is not anything in the record which indicates that prejudice was, or could have been, wrought.

2. The same thing may be said of the evidence relating to [2] the injuries received by the prosecuting witness; but in this instance there is an additional reason why counsel for defendant cannot complain. There is not any controversy concerning the time when and place where the injuries were received, and it is not possible that any juror could have been misled. The injuries were received after the alleged assault was committed and when the prosecuting witness jumped from the rapidly moving automobile in consequence of defendant's threat to repeat [3] the assault. The prosecuting witness was first asked to describe her injuries, but, after counsel for defendant had interposed an objection and the court had indicated a ruling favorable to the admission of the evidence, the question was withdrawn and was not answered by the witness at all. Later Dr. Barbour was asked to describe the injuries which he found upon the body of the prosecuting witness immediately after she was taken to the hospital, and, without objection from defendant's counsel, he did describe them somewhat minutely.

Counsel now insist that the duty did not devolve upon them to renew the objection when the question was asked of Dr. Barbour, since they had saved the point by the objection made when the question was asked the prosecuting witness, but the record does not bear them out as to the facts, and the rule of law is not so broad as they contend. The record fails to show that any exception was saved to the ruling made by the court when the question was asked for the first time. If counsel rely upon the provisions of Chapter 135, Laws of 1915, to supply the omission—that is, to preserve the exception for them—they are in error, for that statute deals only with the practice in civil cases. It is the rule now, as it always has been in this jurisdiction, that, in order to be available on

[60 Mont. 310.]

appeal, an express exception must be reserved to a ruling upon the admission of evidence in the trial of a criminal case. (*State* v. *Lewis,* 52 Mont. 495, 159 Pac. 415.)

The rule adverted to in *State* v. *Jones,* 48 Mont. 505, 139 [4] Pac. 441, presupposes that the exception was reserved, and that the question was answered; but where, as in this instance, the question was not answered by the prosecuting witness, it was necessary to repeat the objection when the question was asked of Dr. Barbour (38 Cyc. 1399). The withdrawal of the question propounded to the prosecuting witness left the record as though the question had not been asked.

3. The affidavit of Violet Brown was introduced in support [5] of defendant's motion for a new trial. In that affidavit it is stated that during September, 1918, after the assault is alleged to have been committed and before the information was filed, the prosecuting witness stated to affiant: "If he [defendant] doesn't fork over to me good and strong, I will send him over the road for the rest of his life."

Affiant states further that she never related this conversation to anyone prior to the trial, but that she did relate it to defendant about January 2, 1919, after his trial and conviction. These statements are irreconcilable. The trial of this case commenced June 16, 1919, more than five months after defendant was aware of the facts detailed in the affidavit, according to the affiant's own statement. If this is correct, then the evidence was not newly discovered evidence within the meaning of section 9350, Revised Codes.

In *Smith* v. *Shook,* 30 Mont. 30, 75 Pac. 513, this court announced the rule, which is manifestly correct, as follows: "The additional evidence to afford opportunity for the introduction of which a new trial is sought must be newly discovered, by which expression is meant that it must have been discovered since the trial. If discovered before or at the trial, and no continuance of the trial was applied for, an answer to the motion that no diligence is shown will be sufficient to

defeat it, no matter what else may be shown." (See also, 29 Cyc. 883-885.)

But, if the date (January 2, 1919) was written by inadvertence and was intended for January 2, 1920—a theory which is not even suggested by counsel for defendant—still the showing made is altogether insufficient to require the lower court to grant a new trial. In *State* v. *Matkins*, 45 Mont. 58, 121 Pac. 881, we announced the rules which determine the sufficiency of an application for a new trial upon the ground of newly discovered evidence as follows: "(1) That the evidence must have come to the knowledge of the applicant since the trial; (2) that it was not through want of diligence that it was not discovered earlier; (3) that it is so material that it would probably produce a different result upon another trial; (4) that it is not cumulative merely—that is, does not speak as to facts in relation to which there was evidence at the trial; (5) that the application must be supported by the affidavit of the witness whose evidence is alleged to have been newly discovered, or its absence accounted for; and (6) that the evidence must not be such as will only tend to impeach the character or credit of a witness." The doctrine of that case has since been adhered to in *State* v. *Van Laningham*, 55 Mont. 17, 173 Pac. 795, and in other cases.

The defendant did not make an affidavit, and this fact is [6] significant in view of the statements contained in the affidavit of Violet Brown. In any event, his failure to disclose that the evidence was not known to him at the time of the trial is fatal to his application. In *Smith* v. *Shook*, above, it was said further: "It is fundamental that the moving party must show by his own affidavit that the new evidence was not known to him at the time of the trial. Upon that question the affidavits of other persons are not, as a general rule, sufficient." To the same effect are *Roberts* v. *Oechsli*, 54 Mont. 589, 172 Pac. 1037, and *State* v. *Prlja*, 57 Mont. 461, 189 Pac. 64.

It is not contended, and could not be contended, that the
[7]   evidence is insufficient to sustain the verdict. If the story
told by the prosecuting witness is true, the guilt of the de-
fendant is established beyond any doubt. The credibility of
that witness was for the determination of the jury, and by the
verdict the truth of her story is established for all purposes
of this case.

The objections to the admission of evidence are technical in
[8]   the extreme, while the showing upon the application for
a new trial is altogether insufficient. Upon the entire record
the defendant appears to have been accorded a fair and impar-
tial trial. If any errors crept into the proceedings they are
insignificant. "A mere *apex juris* is not sufficient cause for
the reversal or modification of a judgment." (*State* v. *Con-
nors,* 27 Mont. 227, 70 Pac. 715.)

The motion to dismiss these appeals heretofore interposed
by the state is denied. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES
REYNOLDS, COOPER and GALEN concur.