STATE, RESPONDENT, *v.* POLICH, APPELLANT.

(No. 5,467.)

(Submitted May 19, 1924.   Decided May 26, 1924.)

[226 Pac. 519.]

*Criminal Law—Intoxicating Liquor—Information—Verdict—*
*Sufficiency—New Trial—Newly Discovered Evidence—Proper*
*Denial—Discretion.*

Intoxicating Liquor—Information—Clerical Misprision—Year "19122" inserted for "1922"—Nonprejudice.

1.   Information inadvertently charging that defendant on a certain day in the year "19122" sold intoxicating liquor *held* not to have prejudiced him in any substantial right, where evidence of a sale made on that day in the year 1922 was admitted without objection by defendant and he was prepared to meet the charge on the assumption that that was the correct date, introduced evidence tending to establish an alibi and offered no objection to an instruction advising the jury that if they found that the sale was made on that day they must find him guilty.

Same—Place of Commission of Offense—Information—Sufficiency.

2.   An information which charged that defendant at the county of M., state of Montana, "then and there being, then and there did willfully, *etc.*, possess" certain liquor, *etc.* was not open to the objection that it failed to allege that the act was committed in M. County, "then" referring to the time and "there" to that county.

Same—Verdict—Construction.

3.   A verdict is not subject to the technical rules of pleading, must receive a reasonable construction and in construing it the intention of the jury must be ascertained, reference being had to the pleadings, the evidence and the instructions of the court.

Same.

4.   Under the above rule (par. 3), a verdict in a prosecution for the unlawful sale and unlawful possession of intoxicating liquor, charged in two counts, for each of which offense the statute fixes a different penalty, finding defendant guilty of count No. 1 and count No. 2, *held* sufficient to fairly indicate an intention on the part of the jury to find him guilty of the offense charged in each count of the information.

Same—New Trial—Newly Discovered Evidence—Proper Denial of Motion.

5.   Where it is manifest that the only purpose of affidavits filed in support of a motion for a new trial on the ground of newly discovered evidence is to contradict the state's witnesses in a criminal prosecution, the motion is properly denied, it being only in cases where it is made to appear by competent and satisfactory evidence that a witness for the state has deliberately perjured himself and that without his testimony defendant would not have been convicted that a new trial will be granted for newly discovered evidence contradictory in form.

Same—New Trial—Newly Discovered Evidence—Discretion.
6. The rule that a motion for a new trial is addressed to the sound legal discretion of the trial court is peculiarly applicable to a case where the motion is based upon the ground of newly discovered evidence, which involves an enlarged discretion and is not looked upon by courts with favor but rather with distrust.

*Appeal from District Court, Musselshell County; Geo. A. Horkan, Judge.*

MATT POLICH was convicted of unlawful sale and possession of intoxicating liquor and he appeals.   Affirmed.

*Mr. W. A. Pennington,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, submitted a brief; *Mr. L. V. Ketter,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

An information was filed in the district court of Musselshell county containing two counts, in the first of which the defendant, Matt Polich, was charged with the unlawful sale of intoxicating liquor and in the second with the unlawful possession of intoxicating liquor.   To each of these accusations he entered a plea of not guilty, and thereafter a trial was had, a verdict returned, and a judgment of conviction entered.   The defendant has appealed from the judgment and from an order denying his motion for a new trial.

It is contended that the information does not state a public [1]  offense in either count.   In the first count it is charged that "one Matt Polich, late of the county of Musselshell, state of Montana, on the 4th day of September, A. D. 19122," unlawfully sold intoxicating liquor, *etc.*   The date mentioned, of course, is impossible; but the question for determination is not whether the pleading is a model, but whether it is so defective

that it will not sustain a judgment. There was not any motion to set it aside; there was not any demurrer interposed nor motion in arrest of judgment offered. The cause was tried upon its merits, and evidence was admitted without objection, which, if true, established the fact that the sale was made on September 4, 1922. Also, without objection, the court by instruction 18 told the jury: "If you find from the evidence in this case, beyond a reasonable doubt, that the defendant, Matt Polich, at the time and place alleged in the information on file herein, to-wit, September 4, 1922, did sell certain intoxicating liquors as alleged in the information on file herein, you shall find a verdict of guilty on the first count."

It is fairly apparent that in the preparation of count 1 the county attorney employed a printed form of information in use prior to 1920, in which upon the date line appeared the figures "191—," and that through inadvertence the figures "22" were added without striking out the last figure "1." If time were an essential ingredient of the crime of selling intoxicating liquor in violation of law, the first count would not state a public offense; but it is not, and section 11848, Revised Codes, provides: "The precise time at which the offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before finding or filing thereof, except where the time is a material ingredient in the offense."

While the mistake in the pleading may be inexcusable, this case does not stand alone. The same error appeared and the same question was presented in *White* v. *State*, 23 Wyo. 130, 147 Pac. 171, 148 Pac. 342, where through inadvertence the offense was alleged to have been committed on August 12, 19013, and in *Boos* v. *State*, 181 Ind. 562, 105 N. E. 117, where it was charged that the offense was committed on or about December 14, 19012. In each instance it was held that the defect in the pleading was not fatal, and we reach the same

conclusion upon the record, in view of the provisions of section 11843, Revised Codes:

"11843.  The indictment or information must contain:

"1. The title of the action, specifying the name of the court in which the same is filed, and the names of the parties;

"2. A statement of the facts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

When it is recalled that the evidence of a sale made on September 4, 1922, was admitted without objection, that the defendant was prepared to meet the charge upon the assumption that that was the correct date, and that he introduced evidence tending to establish an alibi, and did not offer any objection to the instruction which told the jury that the first count charged that the sale was made on September 4, 1922, it is impossible that the clerical misprision caused prejudice to the defendant in any substantial right.  Sections 11853 and 11874, Revised Codes, provide:

"11853.  No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

"11874.  Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right."

The objection to the second count is that "It does not allege [2]   that the act of illegally possessing liquor was committed in Musselshell county."  The charging part of that count follows: "One Matt Polich, late of the county of Musselshell, state of Montana, on or about the fourth day of September, 1922, at the county of Musselshell and state of Montana, com-

mitted the crime of possessing intoxicating liquor, ardent spirits, in that he, the said Matt Polich, then and there being then and there did willfully, wrongfully and unlawfully possess and keep in his possession certain intoxicating liquor," *etc.*

The word "then" refers to the date, September 4, 1922, and the word "there" to Musselshell county. The pleading follows the form prescribed by section 11844, and is sufficient. (*State* v. *Stickney,* 29 Mont. 523, 75 Pac. 201.)  Section 11841 provides: "All the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this Code."

It is next contended that the verdict is insufficient to sustain [3, 4] a judgment of any character; that it does not find the defendant guilty of any offense, and at most only finds him guilty of a count.  The verdict reads as follows:

"We, the jury duly impaneled, find the defendant, Matt Polich, guilty of count No. 1 and leave the fixing of his punishment to the court."

"We, the jury, duly impaneled, find the defendant, Matt Polich, guilty of count No. 2, and leave the fixing of his punishment to the court."

A verdict is not subject to the technical rules which govern pleadings.  The object sought in construing a verdict is to ascertain the intention of the jury, and to that end reference may be made to the pleadings, the evidence and the instructions of the court.  (*Consolidated Gold & Sapphire Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152; *Tripp* v. *Silver Dyke Min. Co., ante, p.* 120, 224 Pac. 272; 16 C. J. 1113, sec. 2606.)  In 16 C. J. 1101, it is said: "But a strict adherence to the statutory form of verdict usually is not required; and although the verdict is informal or contains inaccuracies in the language used, if the intention of the jury to return a verdict of guilty or not guilty of the offense charged may be understood readily, it is sufficient."

If the information had contained but one count, a form of verdict, "We, the jury duly impaneled, find the defendant, Matt Polich, guilty," would have been sufficient. Section 12020, Revised Codes, provides: "A verdict upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the indictment or information."

Since this information charged a separate offense in each of the two counts, and the statute then in force provided a penalty for the one offense materially different from that provided for the other, a verdict of guilty, without specifying the count or the offense on which it was founded, would have been insufficient. (16 C. J. 1105.) And again we are confronted with the inquiry, not whether this verdict is a model, for confessedly it is drawn so crudely that it approaches the ridiculous, but is it so defective that it will not support a judgment?

In *State* v. *Setsor*, 61 Or. 90, 119 Pac. 346, the court announced the rule approved by the authorities generally, as follows: "Verdicts should have a reasonable intendment and receive a reasonable construction, and should not be avoided, unless from necessity, originating in doubt as to their import, from immateriality of the issue found, or their manifest tendency to work injustice."

In 2 Bishop's New Criminal Procedure, second edition, section 1005a, it is said: "The language of the verdict, being that of lay people, need not follow the strict rules of pleading, or be otherwise technical. Whatever conveys the idea to the common understanding will suffice, and all fair intendments will be made to support it."

Considered in the light of the foregoing rules, we are of the opinion that the verdict is sufficient; that it fairly manifests an intention on the part of the jury to find the defendant guilty of the offense charged in each count of the information.

Error is also predicated upon the ruling of the court refus-
[5]   ing the defendant a new trial on the ground of newly

discovered evidence. The principal witnesses for the state were Della Cloud and Joe Peta, each of whom testified that the sale of intoxicating liquor was made by defendant on Labor Day, Monday, September 4, 1922, between 10 and 11 o'clock in the forenoon, and each witness assumed to fix the precise time of the day by reference to a parade which these witnesses said was formed immediately after the sale occurred. These were the first witnesses called by the state, and the only attempt made to contradict them at the trial was by evidence on behalf of the defendant that he left Roundup for Billings and Cody not later than 9 o'clock on the morning of the day named. In support of the motion for a new trial, defendant offered affidavits from members of the local unions to the effect that there was not any *Labor Day* parade on September 4, 1922. The witness Peta referred to a parade and the witness Cloud to a parade of children. There is not any substantial conflict between the testimony of the witnesses and the statements contained in the affidavits; but it is manifest that the only purpose of presenting the affidavits was to contradict the testimony of the state's witnesses, and, if we assume that they accomplished that purpose, the motion was properly denied.

As a general rule, a motion for a new trial on the ground of newly discovered evidence will not be granted when the only effect of the new evidence is to impeach the character or credibility of an opposing witness. In *State* v. *Belland,* 59 Mont. 540, 197 Pac. 841, this court said: "Confessedly, the purpose of this newly discovered evidence is to impeach the witness Jaber, and for the purpose of introducing such evidence a new trial will not be granted as a rule, and the reason is apparent. If the moving party has had a fair hearing, with ample opportunity to prepare his case and fend against the possibility of perjury, he cannot reasonably demand more, and the smart of defeat and the certainty of the consequences offer too great a temptation for him to manufacture a plausible

showing in support of his motion; but there are exceptions to the rule of which this court has taken cognizance.''

In *State* v. *Matkins*, 45 Mont. 58, 121 Pac. 881, we said: ''To some of these [rules] there may be, and doubtless are, exceptions. For illustration: The cumulative evidence may be so overwhelmingly convincing as to compel the conclusion that to sustain the verdict would be a gross injustice, or the impeaching evidence may demonstrate perjury in the witnesses upon whose evidence the verdict is founded.''

It is only when it is made to appear by competent and satisfactory evidence that a witness for the prosecution has deliberately perjured himself and that without his testimony defendant would not have been convicted that a new trial will be granted for newly discovered evidence contradictory in form. (16 C. J. 1189.)

The trial court was called upon to determine whether there is any substantial conflict between the testimony given by the state's witnesses and the statements contained in the affidavits, and the denial of the motion is equivalent to a finding that the conflict, if any, is not a substantial one. In any event, the court was fully justified in finding that the affidavits do not establish that the witnesses Cloud and Peta, or either of them, had deliberately committed perjury in referring to the parade.

In *State* v. *Brooks*, 23 Mont. 146, 57 Pac. 1038, the general [6] rule is stated as follows: ''We can see no abuse of discretion on the part of the court below in denying defendant's motion for a new trial, made upon the ground of newly discovered evidence. As has been repeatedly held by this court, a motion for a new trial is addressed to the sound legal discretion of the trial court; and the action of the latter will not be disturbed, except in an instance manifesting a clear and unmistakable abuse of such discretion. This rule is peculiarly applicable to an application based upon the ground of newly discovered evidence, which not only involves an enlarged discretion in the trial court, but has never been looked upon with

favor, but rather with distrust." To the same effect in the decision in *State* v. *Prlja,* 57 Mont. 461, 189 Pac. 64.

The carelessness exhibited in drafting count 1 in the information and in receiving a verdict in form so crude as the one returned in this case tend to make a farce of judicial proceedings and to bring the administration of the law into disrepute; but notwithstanding the defects mentioned, we are of the opinion that the defendant has not suffered prejudice in any substantial right, and accordingly the judgment and order are affirmed.

                                                        *Affirmed.*


Mr. Chief Justice Callaway and Associate Justices Cooper, Galen and Stark concur.