500 P.2d 146 (1972)
The PEOPLE of the State of Colorado In the Interest of, B. L. M., a child, Petitioner-Appellee,
v.
B. L. M., a child, Respondent-Appellant.
No. 71-384.
Colorado Court of Appeals, Div. I.
June 20, 1972.
Rehearing Denied July 11, 1972.
*147 Jarvis W. Seccombe, Dist. Atty., Coleman M. Connolly, Deputy Dist. Atty., Denver, for petitioner-appellee.
Rollie R. Rogers, Public Defender, Ruthanne Gartland, Robert E. Allen, Deputy Public Defenders, for respondent-appellant.
Selected for Official Publication.
SMITH, Judge.
B.L.M. was adjudicated a delinquent child on July 1, 1970, and was committed to the Department of Institutions. The court stayed issuance of its mittimus, placed B.L.M. on probation for a period of two years and further assigned him for a period of ninety days to the Mountain Parks Work Program. On June 4, 1971, a petition was filed to modify or revoke probation pursuant to 1967 Perm.Supp., C.R. S.1963, 22-3-18. The trial court, after the required hearing on the petition, revoked probation, reordered commitment to the Department of Institutions, and directed a mittimus issue accordingly. B.L.M. appeals. We affirm.
Concerning probation revocation, our Supreme Court has said:
"In this state, probation is a privilege rather than a right. It suspends conditionally what might be a harsher judgment.. . . It is, in effect, a contract *148 made by the court and sanctioned by the statute with the convicted person that he may remain free so long as his conduct is good and he genuinely attempts to rehabilitate himself. But he is charged with the knowledge that a breach of probationary terms will most assuredly result in a revocation of probation and a subsequent sentence. And the question of whether the probation shall be revoked is one within the sound discretion of the Judge. . . . But the hearing may be informally conducted, and the court may take into consideration all factors which he normally takes into account when sentencing. . . ." Holdren v. People, 168 Colo. 474, 452 P. 2d 28.
We adopt this reasoning as applicable to probation proceedings under the Colorado Children's Code, 1967 Perm.Supp., C.R.S. 1963, 22-1-1 et seq.
The first general condition of probation to which B.L.M. agreed was that he not "violate any laws of the United States, or of any state, city, town or municipality." The petition for modification or revocation alleged that, during his period of probation, B.L.M. violated certain laws of the State of Colorado by committing acts which if done by an adult would constitute the crimes of robbery and conspiracy to commit robbery. C.R.S.1963, 40-5-1, and C.R.S.1963, 40-7-35. Upon B.L.M.'s denial of these allegations, the required hearing was held on August 11, 1971. The district attorney presented the testimony of three persons, who testified that they were victims and who identified B.L.M. as one of the perpetrators. The defense presented alibi witnesses who testified that B.L.M. was present with them at the time of the alleged commission of the acts for which revocation was sought.

I.
It is initially contended that the trial court erred in denying respondent's motion for judgment of acquittal made at the close of the evidence presented in the hearing. The only conflict in the evidence was between the testimony of the alleged victims and that of the alibi witnesses. Credibility of the witnesses was thus the determining factor in the court's decision. Credibility is a question for the trier of fact. McClenny v. People, 155 Colo. 202, 393 P.2d 736. Here the court, as trier of fact, resolved the issue of credibility against respondent. We find no error in that determination.

II.
B.L.M. next contends that the trial court committed prejudicial error by allowing hearsay testimony. One alleged victim was recalled by the district attorney in rebuttal, and, over objection by defense counsel, testified to certain statements allegedly made to her by one of the alibi witnesses. On surrebuttal, the defense called the alibi witness who denied having made the statements in question. Even if these statements were erroneously admitted, in a trial to the court, there is a presumption that all incompetent or hearsay evidence is disregarded by it in reaching its conclusions. A judgment will not be reversed on appeal because of the admission of such evidence. Bill Dreiling Motor Co. v. Travelers Indemnity Co., 29 Colo.App. 163, 482 P.2d 999. In a hearing to determine whether probation should be revoked, the court is not bound by strict rules of evidence. Holdren v. People, supra. We therefore find no prejudicial error resulting from the testimony of the rebuttal witness.

III.
The child also argues that failure of the court reporter to transcribe a portion of his counsel's final argument constitutes prejudicial error. Arguments to the court are not matters of evidence, have no probative value, and are designed only to sway the court's findings and conclusions. Failure to record final arguments in a trial to the court is not prejudicial error. See Abeyta v. People, 156 Colo. 440, 400 P.2d 431.

*149 IV.
The fact that the court failed to make findings of fact prior to revoking his probation is cited as error by B.L.M. The court filed a nunc pro tunc order two days after recommitting the child. In that order, the court found that B.L.M. had committed acts which if committed by an adult would have been crimes and found that the allegations of the petition for modification or revocation had been sustained. These findings are sufficient to justify revocation of probation, and the fact that they were filed subsequent to the order recommitting the child and directing issuance of the mittimus is not prejudicial. The hearing was conducted and findings made pursuant to 1969 Perm.Supp., C.R.S.1963, 22-3-18, and 1969 Perm.Supp., C.R.S.1963, 22-1-7; thus, we find this allegation of error is without

V.
Finally, B.L.M. argues that the trial court erred in revoking his probation without a disposition hearing. It is argued that such a hearing and a social study are required by 1967 Perm.Supp., C.R.S.1963, 22-3-9. We find this argument to contain a misconception of the meaning of "order of adjudication" as it appears in 1967 Perm.Supp., C.R.S.1963, 22-3-9. An "order of adjudication" is the product of an "adjudicatory hearing." These terms have a unique and specific meaning in the Children's Code. "Adjudicatory hearing" is defined by 1969 Perm.Supp., C.R.S.1963, 22-1-3(20):
"`Adjudicatory hearing' means a hearing to determine whether the allegations of a petition under section 22-1-4(1) (b) or (1) (c) are supported by the evidence beyond a reasonable doubt or the allegations of a petition under section 22-1-4(1) (d) are supported by a preponderance of the evidence."
By this definition, the term "order of adjudication" refers only to orders by which a child is decreed to be "delinquent", "in need of supervision", or, "neglected or dependent" and does not include orders for revocation of probation under 1967 Perm.Supp., C.R.S.1963, 22-3-18. As the hearing in question emanated from such a petition, we find no requirement that a disposition hearing should have been held. It should be noted, however, that the court had a social summary from the dispositional hearing at which B.L.M. was granted probation and successive reports of the probation department before it at the time it ruled on the petition.
Affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.