502 P.2d 95 (1972)
In re the PEOPLE of the State of Colorado, Petitioner-Appellee, in the Interest of D. S., Minor Child-Appellant, and concerning F. S., Jr. and C. S., Respondents.
No. 72-034.
Colorado Court of Appeals, Division II.
September 19, 1972.
As Modified on Denial of Rehearing October 3, 1972.
*96 Jarvis Seccombe, Dist. Atty., Gary Jackson, Coleman M. Connelly, Deputy Dist. Attys., Denver, for petitioner-appellee.
Rollie R. Rogers, State Public Defender, Janice L. Burnett, Deputy State Public Defender, Denver, for minor child-appellant.
Selected for Official Publication.
PIERCE, Judge.
D.S., a minor child, was adjudicated to be a delinquent child pursuant to the terms of the Colorado Children's Code, 1967 Perm.Supp., C.R.S.1963, 22-1-1 et seq. At a dispositional hearing in April 1970, he was placed on probation for two years. The terms of his probation provided that D.S. was not to "violate any laws of the United States or of any state, city, town or municipality." Subsequently, petitions for modification or revocation of probation were filed, alleging offenses which, if committed by adults, would constitute crimes.
The petition, in issue on this appeal, alleged that D.S. was involved in the theft of two bicycles. After a hearing on the evidence, the juvenile court determined that the petition was sustained and revoked probation. D.S., represented by the Public Defender, appeals from that order.
The major allegations of error raised on appeal concern the burden of proof which must be sustained by the People in juvenile probation revocation hearings. Counsel for D.S. contends that, to sustain revocation, each element of every charge filed must be proved beyond a reasonable doubt, and that this burden was not met by the People in the probation revocation hearing conducted regarding D.S. The People contend that they are not required to meet the reasonable doubt standard in this type of proceeding, and that, in the instant case, there was sufficient evidence for the judge to revoke probation. We agree with the State's theory and affirm the juvenile court.
Since all the alleged errors raised by appellant are products of a misunderstanding of the role of probation and probation revocation hearings in the juvenile court system, we will examine the underlying principles of probation.

I.
Initially, it should be noted that granting of probation in lieu of incarceration, is an act of grace within the sound discretion of the trial court. Holdren v. People, 168 Colo. 474, 452 P.2d 28. Counsel for D.S. would have us hold otherwise, reasoning that in juvenile court proceedings probation is a sentence in and of itself. That this argument has no merit can be seen by considering the fact that probation revocation is provided for in 1967 Perm.Supp., C.R.S.1963, 22-3-18. Were probation a sentence, in and of itself, there would be no need to provide a method to revoke it in order to impose a more confining custody arrangement. Probation, then, is an act of grace in juvenile court as well as in criminal court.

II.
Turning to appellant's argument with regard to the burden of proof, we find that argument to be based upon the *97 erroneous assumption that revocation of probation is equivalent to a finding of guilt on the charges alleged in the revocation petition. This is not true. Probation revocation hearings are not adjudicatory hearings. People v. B.L.M., Colo.App., 500 P. 2d 146 (Ann'd 6/20/72). At this time D.S. is not confronted with being adjudicated a delinquent. Indeed, revoking his probation does not undertake to punish him for a new offense. Rather, it is the imposition of a sentence for the earlier adjudication. State v. Montgomery, 3 Or.App. 555, 474 P.2d 780. Furthermore, D.S. stands no more convicted of a crime now than he did as a result of the original adjudication, and with regard to the written records, they can eventually be expunged if he complies with the terms of the Children's Code. 1967 Perm.Supp., C.R.S.1963, 22-1-11(2). Finally, the procedures outlined in Colo. Sess.Laws 1972, XX-XX-XXX, p. 496, of the new Colorado Code of Criminal Procedure, do not apply to proceedings under the Children's Code.

III.
Since there is no conviction regarding the acts in question, we adopt the general rule from criminal probation matters that it is not necessary for criminal acts charged in a petition for revocation of probation to be proved beyond a reasonable doubt. State v. Gonzales, 79 N.M. 414, 444 P.2d 599; State v. Nelson, 196 Kan. 592, 412 P.2d 1018; State v. Leighty, 5 Wash. App. 30, 485 P.2d 91; People v. Johns, 173 Cal.App.2d 38, 343 P.2d 92. Rather, the judge need only apprise himself of facts which convince him that conditions of the probation have been violated.
We reject the contention of the Public Defender that In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, requires proof beyond a reasonable doubt in juvenile probation revocation hearings. Winship established the proposition that proof beyond a reasonable doubt is the standard to be followed in juvenile proceedings where the juvenile is charged with an act which would constitute a crime if committed by an adult. The court made it clear, however, that its holding was specifically limited to adjudicatory hearings. It stated:
"As in Gault [387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527] `we are not here concerned with . . . the pre-judicial stages of the juvenile process, nor do we direct our attention to the post-adjudicative or dispositional process.'"
As we have previously pointed out, this is not an adjudicatory proceeding.

IV.
The Public Defender argues that the petition must fail because the record does not support the finding that D.S. was involved in theft, as charged, but, at most, implicates him as being an accessory after or during the fact, or of joyriding. To so argue, ignores the terms of the probation agreement that D.S. not violate any laws. If the judge was convinced that D.S. had engaged in any of these acts, he was justified in revoking probation. We conclude that the record reflects that the judge had adequate evidence from which to determine that D.S. was involved in activity that violated the terms and conditions of his probation and was, therefore, correct in sustaining the petition.

V.
The last contention made by D.S. is that the trial court's findings were not sufficiently specific to determine, on appeal, the basis of its holding. In its order of November 5, 1971, however, the court specifically found that the allegations set forth in the petition had been proved. Furthermore, in its order of November 16, 1971, the court stated that the case had been proved, that D.S. was one of the boys involved, and that there was flight. These findings were adequate for the purpose of appellate review. See Twin Lakes Reservoir & Canal Co. v. Bond, 156 Colo. 433, 399 P.2d 793.
Judgment affirmed.
DWYER and ENOCH, JJ., concur.