556 P.2d 491 (1976)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of R. J. A., a child, Appellant, and concerning B. J. and R. D., Respondents.
No. 76-076.
Colorado Court of Appeals, Div. I.
November 4, 1976.
*492 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, David K. Rees, Asst. Attys. Gen., Denver, for petitioner-appellee.
Daniel M. Taubman, Geoffrey H. deWolfe, Colorado Springs, for respondents and appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
R.J.A., a minor, appeals from an order which revoked his probation and committed him to the Department of Institutions. We affirm.
In 1974 R.J.A. was adjudicated a delinquent child, having been found to be involved in multiple counts of burglary and theft. He was granted probation. In March 1975 the trial court determined that he had violated his probation, having been involved in an offense of rape, and committed him to the Department of Social Services for appropriate placement. His probation was continued. Following placement at the Rampart Boys Home, he was released to his mother's custody, subject to probation conditions which included a curfew.
At about 3:00 A.M. on November 1, 1975, R.J.A. was arrested for possession of an illegal weapon (§ 18-12-102, C.R.S.1973) and for carrying a concealed weapon (§ 18-12-105, C.R.S.1973). Thereafter the People filed a motion for revocation of his probation on the basis of the weapons violations and on the basis of violation of the curfew. Following a hearing, the court found there was no evidence to support the charge of possession of an illegal weapon, but found that R.J.A. had violated the conditions of his probation by knowingly and unlawfully carrying a concealed weapon and by violating the curfew.
At the following dispositional hearing the court heard the testimony of social workers who had worked with R.J.A., and thereafter it revoked his probation and ordered R.J.A. committed to the Department of Institutions for appropriate placement.
R.J.A. asserts two grounds for reversal: that there was no evidence that he knowingly carried a concealed weapon, and that the court abused its discretion in committing him to the Department of Institutions. He does not question the violation of the curfew.
At the revocation hearing the arresting officer testified that he and his partner stopped a car on suspicion of being involved in an assault earlier that night. R.J.A. was one of three persons in the car. They were ordered out of the car and the officer was given permission to search the car. He found a sawed-off shotgun under the driver's seat and a pistol under the right-hand front seat, where R.J.A. had been sitting. The officer demonstrated how the pistol was located and stated that it was within reach of the passenger, and that when he looked inside the car he could see it.
The only other witness was R.J.A.'s mother. She testified as to curfew violations.
R.J.A. contends that the evidence did not prove that he knew the pistol was under the seat. First, we note that revocation of probation is not equivalent to a finding of guilt on the charges alleged in the revocation petition and such charges that a probationer has violated conditions of his probation need not be proven beyond a reasonable doubt. "Rather, the judge need only apprise himself of facts which convince him that conditions of the probation have been violated." People in the Interest of D.S., 31 Colo.App. 300, 502 P.2d 95. The question of whether probation shall be revoked is within the sound discretion of the trial court. Holdren v. People, 168 Colo. 474, 452 P.2d 28; People in Interest of B.L.M., 31 Colo.App. 106, 500 P.2d 146. Here, there was no abuse of discretion.
*493 The uncontested evidence establishes that the pistol was tucked under the edge of the seat on which R.J.A. was sitting, where it was within his easy reach. These circumstances constitute carrying a "firearm concealed on or about his person." Section 18-12-105, C.R.S.1973. In People v. Niemoth, 322 Ill. 51, 152 N.E. 537, it was held that the words "about the person" mean sufficiently close to the person to be readily accessible for immediate use. In that case, as here, a firearm was pushed under a cushion on which the accused was sitting. A similar holding was reached in Brown v. United States, 58 U.S. App.D.C. 311, 30 F.2d 474 and Dillon v. City of Tulsa, 273 P.2d 145 (Okl.Cr.).
The evidence was also sufficient to support the finding of the trial court that R.J.A. knew of the presence of the pistol. Hence, the trial court's determination that the conditions of probation had been violated was warranted by the evidence. In addition the testimony of R.J.A.'s mother and the time of the arrest proved violation of the curfew. Either of these violations justified the revocation of probation.
Finally, there was no abuse of discretion in the court's decision to commit R.J.A. to the Department of Institutions instead of sending him back to the Rampart Boys Home under the auspices of the Department of Social Services. The Children's Code provides:
"If the court finds that the child violated the terms and conditions of probation, it may modify the terms and conditions of probation, revoke probation, or take such other action permitted by this article which is in the best interest of the child and the public." § 19-3-117, C.R.S.1973.
Although the caseworkers for the most part recommended that R.J.A. be committed to the Department of Social Services rather than to the Department of Institutions, the evidence adduced clearly supported the trial court's finding that R.J.A. had continuing difficulty in obeying the law and in conforming to the conditions of his probation. The recommendations of the social workers are not binding on the court, People in the Interest of M.D.C.M., 34 Colo.App. 91, 522 P.2d 1234, and the judge's conclusion, that R.J.A. needed to be separated from the strong influence of his peers, was supported by the evidence and justified the commitment order.
Judgment affirmed.
COYTE and RULAND, JJ., concur.