The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Duane K. ADAIR, Defendant–Appellant.

No. 78–1159.

Colorado Court of Appeals, Div. III.

July 3, 1980.

Rehearing Denied Aug. 14, 1980.

Certiorari Granted Dec. 8, 1980.

J. D. MacFarlane, Atty. Gen., Stephen R. Higgins, Sp. Deputy Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Samuel W. McClure, Sp. Deputy Public Defender, Colorado Springs, for defendant–appellant.

BERMAN, Judge.

Defendant appeals the revocation of his deferred sentence and the imposition of sentence pursuant to § 16–7–403(2), C.R.S. 1973 (1978 Repl. Vol. 8). We affirm.

Defendant entered a plea of guilty to the charge of sexual assault on a child without force and was granted a deferred sentence pursuant to § 16–7–403(1), C.R.S. 1973 (1978 Repl. Vol. 8). The deferred sentence was conditional on defendant participating and cooperating in a Community Corrections Sex Offenders program. Defendant's probation officer sought to revoke defendant's deferred sentence because defendant was hostile and uncooperative. A revocation hearing was held, and defendant's deferred sentence was revoked.

Defendant first contends that there was insufficient evidence to prove by a preponderance of the evidence that he had violated the terms of his deferred sentence. We disagree.

■ We first note that the procedural considerations governing the deferred sentencing statute are analogous to those governing probation. *People v. Peretsky*, Colo. App., 616 P.2d 170, (1980). Therefore, we turn to the case law dealing with revocation of probation for guidance in the instant case.

■ A defendant's deferred sentence may be revoked upon proof by a preponderance of the evidence that he has violated the conditions of his deferred sentence. Section 16–7–403(2), C.R.S. 1973 (1978 Repl. Vol. 8). The court need only apprise itself of facts which convince it that the conditions of the deferred sentence have been breached. *People in the Interest of R.J.A.*, 38 Colo.App. 346, 556 P.2d 491 (1976). Further, the question of whether a deferred sentence should be revoked is within the sound discretion of the court. *People in the Interest of R.J.A., supra.*

■ Here, the conditions of defendant's deferred sentence required that defendant fully cooperate in a psychological therapy program. Evidence was presented that defendant was profane, threatening, and hostile toward the staff of the program. This evidence was sufficient to support the trial court's finding that defendant had demonstrated a "complete lack of cooperation with the program." Hence, the evidence supported the court's determination that the conditions of the deferred sentence had been violated, and the court did not abuse it discretion in revoking defendant's deferred sentence.

Defendant next contends that the trial court abused its discretion by immediately imposing sentence rather than employing less severe alternatives. Again we disagree.

■ Section 16–7–403(2), C.R.S. 1973 (1978 Repl. Vol. 8) provides, in pertinent part: "Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the could *shall* enter judgment and impose sentence upon such guilty plea." (emphasis added). Unlike the statute governing probation, which permits the court to impose any sentence or grant any probation which might originally have be imposed, § 16–11–206(5), C.R.S. 1973 (1978 Repl. Vol. 8), the deferred sentencing statute mandates that the court impose sentence, and does not leave such imposition to the court's discretion. The court, having found that defendant had breached the terms of his deferred sentence, correctly entered judgment and imposed sentence.

Judgment affirmed.

RULAND and KELLY, JJ., concur.