**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Patrick Joe MARTINEZ,**
**Defendant-Appellant.**

**No. 81CA0415.**

Colorado Court of Appeals,
Div. II.

June 24, 1982.

Rehearing Denied July 15, 1982.

Certiorari Denied Feb. 7, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sp. Asst. Atty. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Patrick Joe Martinez, pled guilty to second degree burglary (class 3 felony). A charge of attempt to commit first degree sexual assault was dismissed, and defendant entered into a stipulation for a two-year deferred judgment and sentence. See § 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8). About five months later the deferred judgment and sentence were revoked, judgment of conviction was entered, and defendant was sentenced to four years in the penitentiary. Defendant appeals from the denial of his motion to set aside his plea of guilty to second degree burglary and from the order of revocation. He contends that his guilty plea was invalid because it was based on allegedly misleading language in the stipulation for deferred judgment and sentence. He also contends that the evidence was insufficient to justify the revocation. We affirm.

The revocation was based on a violation of the condition in the stipulation that defendant "shall not violate any of the laws of the ... City or Town in which he may be." At the revocation hearing on the prosecution's motion, it was established that defendant had been convicted in the municipal court of Lamar, Colorado, of trespassing and disturbing the peace. However, because the defendant was not represented by counsel in his trial on these municipal charges and there was no showing of a waiver, the trial court did not accept evidence of the convictions as a basis for revocation. Rather, over objection by the defendant, it relied on testimony from the victim and the investigating officer presented at the revocation hearing to the effect that defendant was identified as the person who had entered the victim's residence without permission. The court concluded that the evidence established beyond a reasonable doubt that defendant had committed a trespass in violation of a municipal ordinance.

The stipulation for deferred judgment and sentence provided, in pertinent part, that upon a finding by the court that defendant had violated one or more of the specified conditions for deferral of judgment and imposition of sentence:

"[t]he Court may forthwith impose sentence *or other sentencing alternative as provided* by C.R.S.1973, as amended, Section 16–11–301 to 306, *or C.R.S.1973, as amended, Section 16–11–201 to 204 ....*" (emphasis supplied)

The stipulation further provided:

"The defendant further understands and agrees that by the execution of this stipulation, a judgment of conviction on the previously entered plea of guilty and the imposition of sentence may be immediately ordered by the Court in the event that the Court determines after the evidentiary hearing [on the motion for revocation] that the defendant has violated a condition upon which the entry of judgment and the imposition of sentence was deferred; and the defendant further consents that the entry of a judgment of conviction and the imposition of sentence *or other sentencing alternative* shall be in all respects as though no postponement or deferral had been ordered at the time of the Court's acceptance of the defendant's plea of guilty." (emphasis supplied)

Defendant contends that the emphasized phrases of these sections of the stipulation misled him into believing that he could receive "probation or other sentencing alternatives less than a penitentiary sentence," whereas the governing statute, as interpreted by this court in *People v. Adair,* 44 Colo.App. 423, 620 P.2d 46 (1980), mandates that a court impose sentence and does not permit probation if deferred judgment and sentence are revoked. Section 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8). Thus, the argument continues, defendant was misled as to the possible sentences he could receive, and his guilty plea was there-

fore invalid. *See generally People v. Heinz,* 197 Colo. 102, 589 P.2d 931 (1979). We disagree.

In *People v. Widhalm,* Colo., 642 P.2d 498 (1982), our Supreme Court recently held, with respect to revocation of deferred sentence upon a finding that defendant had violated a previously stipulated condition of deferral, that "section 16–7–403(2) requires the court to enter a judgment of conviction and, after an appropriate pre-sentence hearing, to either sentence the defendant to a term of imprisonment or, in the court's discretion, to a term of probation if he is otherwise eligible therefor." *Accord People v. Turner,* Colo., 644 P.2d 951 (1982). These two cases implicitly overrule *People v. Adair, supra,* as to this issue. Thus, the language of the stipulation objected to by defendant accurately reflects the present law as to the sentencing alternatives that are available upon revocation of deferred sentence.

Moreover, the court also stated unequivocally that it would, in any event, deny defendant's request for probation based upon the applicable statutory criteria for probation. *See* §§ 16–11–202 and 16–11–203, C.R.S.1973 (1981 Cum.Supp.).

■ Defendant's second contention—that the prosecution failed to meet its burden of establishing beyond a reasonable doubt that defendant was guilty of trespassing—is likewise without merit. Specifically, defendant asserts that the trial court's finding was based on only the hearsay statement of the victim's sister that the intruder was "Martinez," and without any supporting testimony that the sister knew defendant by that name.

Unlike the situation in *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975), relied on by defendant, here the prosecution did not rely exclusively on hearsay testimony. Even if we assume that the sister's statement does not come within an exception to the hearsay rule, *see also Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969), there was corroborating testimony by the victim and the arresting officer upon which the trial court could and did rely in finding that defendant had been identified as the perpetrator of the trespass. Hence, the prosecution met its burden of proof.

The order revoking deferred judgment and sentence and the order denying defendant's motion to set aside his guilty plea and stipulation for deferred judgment and sentence are affirmed.

BERMAN and STERNBERG, JJ., concur.