The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Edwin Arnold ROBERTS, Defendant-Appellant.

No. 83CA0596.

Colorado Court of Appeals, Div. I.

July 3, 1985.

Rehearing Denied Aug. 8, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant, Edwin Arnold Roberts, appeals from the judgment of conviction entered on a jury verdict of aggravated robbery of drugs and conspiracy to commit aggravated robbery of drugs. We affirm.

Defendant was identified as one of two men who held up a Colorado Springs pharmacy at gunpoint. Defendant denied committing the robbery and introduced evidence of an alibi defense. He also presented the testimony of the person charged as his accomplice, who testified that he, the accomplice, committed the crime, and that defendant did not accompany him during its commission.

### I.

Defendant contends that the evidence was not sufficient to support the verdicts. He argues that the prosecution did not present sufficient evidence to prove that narcotic drugs were taken in the robbery. We disagree.

In order to convict a defendant of aggravated robbery of drugs, the prosecution must prove that narcotic drugs were taken during the robbery. *Ramirez v. People*, 682 P.2d 1181 (Colo.1984). Evidence is sufficient to support the verdict if, when the evidence is viewed in a light most favorable to the prosecution, a jury could reasonably conclude therefrom that each material element of the offense had been proven beyond a reasonable doubt. *People v. Loscutoff*, 661 P.2d 274 (Colo.1983).

Here, the pharmacist and his technician testified that all narcotics were kept in a special locked cabinet, that defendant and his accomplice had them unlock the cabinet, and that defendant then took various narcotics from the cabinet. Though the victims did not specify by name the types of narcotics stolen, the pharmacist did identify the drugs by their trade names. We hold that the use of trade names to describe items already identified as narcotics is sufficient to establish beyond a reasonable doubt that narcotic drugs were taken. *See People v. Lake*, 195 Colo. 454, 580 P.2d 788 (1978).

### II.

Defendant contends that the jury's verdict on the conspiracy count was void for uncertainty. We disagree.

Instructions on the aggravated robbery and conspiracy counts were submitted to the jury along with four forms of verdicts. Two forms, not guilty and guilty of aggravated robbery of drugs, were on one sheet of paper and no issue is raised as to these forms.

However, defendant does challenge the conspiracy guilty verdict because of the discrepancy which appears on the face of the other two forms which were submitted to the jury on a separate sheet as follows:

"I. We, the Jury, find the Defendant, Edwin R. Roberts, NOT GUILTY, of the charge of Conspiracy to Commit Aggravated Robbery of Drugs.

FOREMAN

"II. We, the Jury, find the Defendant, Edwin R. Roberts, GUILTY, of the charge of Aggravated Robbery of Drugs.

/s/ _____
FOREMAN

\* The Foreman may sign only one of the above (I. or II.) If the verdict is NOT GUILTY, then I., above should be signed. If the verdict is GUILTY then II., above should be signed."

Thus, as to the verdict form concerning conspiracy, the words "conspiracy to commit" were omitted from the second paragraph of this form. The jury foreman signed the guilty form at issue and the court entered judgment of conviction on the verdict of guilty of aggravated robbery of drugs and the verdict of guilty of conspiracy to commit aggravated robbery of drugs.

Defendant did not object to the forms of verdict at trial, nor did he raise the issue in his motion for new trial. Defendant argues, however, that omission of the words "conspiracy to commit" from the guilty section of the conspiracy verdict form constitutes plain error because it cannot be determined whether the jury intended to convict the defendant of conspiracy to commit aggravated robbery or just aggravated robbery.

A verdict is to be reasonably construed in light of the issues submitted to the jury and the instructions of the court. *People v. Radil*, 142 Cal.Rptr. 233, 76 Cal.App.3d 702 (1977). When construing the verdict of a jury, the overriding objective is to ascertain its intent. *State v. Ledford*, 550 S.W.2d 871 (Mo.App.1977).

Here, the jury was instructed on both aggravated robbery and conspiracy and given verdict forms on each count which were set out on separate sheets. The conspiracy verdict forms contained reference to conspiracy in the not guilty form, and the jury did not indicate that it desired that verdict. The jury was instructed that it must return either a guilty or a not guilty verdict on each count. Thus, because the record refutes the possibility of jury confu-

sion, *see People v. Goetz*, 41 Colo.App. 60, 582 P.2d 698 (1978), and because the jury's intent can be determined from the separate verdict forms which were submitted, we hold that the omission of a reference to conspiracy in the guilty verdict form does not constitute plain error.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.