The **PEOPLE** of the State of Colorado, Plaintiff-Appellee, In the Interest of C.J.W., Minor Child-Appellant,

And Concerning. R.C., Respondent.

No. 85CA1384.

Colorado Court of Appeals, Div. III.

Sept. 11, 1986.

(2) to obtain full-time work; (3) to pay restitution; and (4) to report to the probation department as directed.

During the revocation hearing, C.J.W.'s probation officer testified that a staff person from the entity that was to provide counseling and urinalysis for C.J.W. had informed her that C.J.W. had failed to attend the counseling sessions. The probation officer testified further that, when confronted with this information, C.J.W. had admitted failing to attend counseling and urinalysis but indicated that she was unable to pay the $5 fee. The probation officer's testimony also established that C.J.W. had briefly held a number of part-time jobs from the time that probation had been imposed, but that she had not been employed since March 1985; that C.J.W. had failed to make the agreed upon monthly restitution payment of $55.51; and that C.J.W. had failed to attend a scheduled meeting with the probation officer.

On the basis of this testimony, which was uncontroverted, the trial court found: "by a preponderance of the evidence, that the minor child has violated the conditions of her probation." The trial court then revoked her probation.

On appeal, C.J.W. asserts as error the admission of hearsay statements regarding noncompliance with the counseling and urinalysis conditions. She further contends that the evidence is insufficient to support a finding that she violated the conditions of probation and that the trial court's findings of fact are inadequate to support its order of revocation. We disagree with these contentions.

## I. Admissibility of Hearsay Statements

In a probation revocation hearing, a trial court is not bound by the strict rules of evidence, and, even if hearsay statements are improperly admitted, a presumption that the evidence was disregarded arises. *People In Interest of B.L.M.*, 31 Colo.App. 106, 500 P.2d 146 (1972).

Here, C.J.W.'s probation officer testified during cross-examination that she and C.J.W. had discussed C.J.W.'s failure

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jeffrey R. Edelman, Denver, for minor child-appellant.

No appearance for respondent.

BABCOCK, Judge.

C.J.W., a delinquent child, appeals the revocation of her probation. We affirm.

In April 1985, a petition for revocation or modification of probation was filed with respect to C.J.W. The petition alleged that, contrary to the terms of her probation, C.J.W. had failed: (1) to attend counseling and undergo monitored urinalysis;

to attend counseling sessions and undergo urinalysis and that C.J.W. had admitted that she had not attended. C.J.W.'s statement is an admission of a party-opponent and, therefore, is not hearsay under CRE 801(d)(2)(A). Thus, testimony other than hearsay statements tended to establish violations of those conditions of probation. Under these circumstances, we find no error in the trial court's admission of the other testimony which in part consisted of hearsay. *See Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969); *People in Interest of B.L.M., supra.*

## II. Sufficiency of the Evidence

■ Where a violation of a condition of probation other than the commission of a criminal offense forms the basis of a petition for revocation of probation, the People have the burden of establishing by a preponderance of the evidence that the condition was violated. Section 16–11–206(3), C.R.S. (1985 Cum.Supp.); *People in Interest of C.B.,* 196 Colo. 362, 585 P.2d 281 (1978). The evidence noted above adduced at the revocation hearing supports, by a preponderance, the trial court's finding that C.J.W. had violated the terms of her probation.

## III. Adequacy of the Findings of Fact

■ Probation may be revoked if the trial court finds that the child violated the terms and conditions of probation. Section 19–3–117(3)(d)(II), C.R.S. (1978 Repl.Vol. 8). Although a probationer is not entitled to claim the full range of constitutional guarantees, *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Holdren v. People, supra,* certain minimum requirements of due process attach including "a written statement by factfinders as to the evidence relied on and reasons for revoking [probation]...." *Gagnon v. Scarpelli, supra.* Further, if the condition with which a child has allegedly failed to comply is nonpayment of restitution, the trial court is required to make a specific finding of ability to pay prior to revoking probation. *Strickland v. People,* 197 Colo.

488, 594 P.2d 578 (1979); *see Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).

■ A verdict in a criminal case is not void for uncertainty when its meaning can be determined by reference to the record. *People v. Goetz,* 41 Colo.App. 60, 582 P.2d 698 (1978). By analogy, a trial court's revocation of a child's probation will not be set aside if its findings are adequate for the purpose of appellate review. *See People v. Walker,* 724 P.2d 666 (Colo.1986); *People in Interest of D.S.,* 31 Colo.App. 300, 502 P.2d 95 (1972). The adequacy of such findings is to be determined on a case-by-case basis with fundamental fairness remaining the touchstone of due process. *See Gagnon v. Scarpelli, supra.*

■ Here, although the trial court's findings of fact concerning C.J.W.'s ability to pay restitution were inadequate to revoke probation on that ground, the record supports revocation of C.J.W.'s probation on each ground other than her failure to pay. *See People v. Houpe,* 41 Colo.App. 253, 586 P.2d 241 (1978). It would have been better practice for the trial court to have made specific findings with respect to each condition violated. However, the testimony being uncontroverted, the evidence relied on by the trial court to revoke probation is obvious. *See People v. Walker, supra.* Accordingly, we conclude that by its determination that C.J.W. had violated the "conditions" of her probation, the trial court implicitly held that each of the alleged violations had been demonstrated. Thus, the trial court's general finding is adequate here, *see* § 19–3–117(3)(d)(II), C.R.S. (1978 Repl.Vol. 8); *People in Interest of B.L.M., supra; People in Interest of D.S., supra,* and consistent with the due process requirement of fundamental fairness. *See Gagnon v. Scarpelli, supra.*

Judgment affirmed.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Although the probationer is not entitled to claim the full range of constitutional guarantees, *Holdren v. People,* 168 Colo. 474, 452 P.2d 28 (1969), she is entitled to certain minimum requirements of due process including "a written statement by factfinders as to the evidence relied on and reasons for revoking [probation]...." *People v. Atencio,* 186 Colo. 76, 525 P.2d 461 (1974); § 19–3–117(3)(d)(II), C.R.S. (1978 Repl.Vol. 8). *See also Strickland v. People,* 197 Colo. 488, 594 P.2d 578 (1979).

Here, although there was evidence presented from which conflicting inferences could be drawn, the court made neither oral nor written findings of fact with respect to the particular conditions violated. In areas in which the Supreme Court has mandated specific findings, neither the trial court nor this court ignore that mandate.

Because significant rights of C.J.W. were at issue, minimal standards of procedural due process required that the trial court state the reasons for its determination explicit enough to evince the basis of its order revoking probation. It is not for us to speculate on which conditions or on what evidence the trial court based its decision. *People v. Atencio, supra.*

Accordingly, the order revoking probation should be vacated and the cause remanded to the juvenile court with directions to enter new orders on the record supported by findings concerning the evidence upon which it relies and the basis of its order.